UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARGARET M. SCICCHITANO,

                Plaintiff,

-vs-                                           Case No.  6:10-cv-496-Orl-31GJK

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

_____

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT:

Margaret M. Scicchitano (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for benefits.  Doc. No. 1.  Claimant argues that the final decision of the Commissioner should be reversed because the Administrative Law Judge (the "ALJ") failed to: 1) apply the correct legal standards to the November 22, 2006 opinion of Claimant's treating physician, Dr. Kraynak; 2) demonstrate good cause to reject the February 27, 2009, opinion of Dr. Kraynak; 3) apply the correct legal standards when evaluating Claimant's subjective testimony; and 4) apply the correct legal standards regarding the side-effects of Claimant's medications.  Doc. No. 11 at 1-15. Claimant requests that the case be remanded for an award of benefits or, in the alternative, for further proceedings.  *Id*. at 15.  For the reasons set forth below, it is **RECOMMENDED** that the final decision of the Commissioner be **REVERSED and REMANDED** for an award of benefits

pursuant to sentence four of Section 405(g) because the cumulative effect of the evidence establishes that Claimant is disabled beyond a doubt.

## I.    BACKGROUND.

Claimant was born on September 3, 1954.  R. 118.  On October 13, 2006, Claimant filed an application for benefits alleging an onset of disability as of March 18, 1997.  R. 118. Claimant is insured for benefits through December 31, 2002.  R. 97, 102.  Claimant has a high school education and past relevant work experience as a general office worker and as a floor worker in a manufacturing business.  R. 67-68, 80, 134, 143-144.  Claimant alleges disability due to a March 18, 1997 back injury she sustained while working as a floor worker.  R. 68, 133.  On that day, Claimant fell while carrying a roll of material at work.  R. 68.  Claimant's application was denied and, on January 31, 2007, Claimant requested a hearing before an ALJ.  R. 97-106.

On April 10, 2008 and January 12, 2009, hearings were held before ALJ John Gehring. R. 25-44, 62-83.  Claimant and Vocational Expert (the "VE") Ronald Sholtis were the only persons to testify.  R. 25-44, 62-83.  Claimant testified that from March 18, 1997 through December 31, 2002, she could sit for no more than twenty-five minutes, stand for twenty to twenty-five minutes, walk for twenty minutes, and lift five pounds. R. 69, 77-78.  Claimant stated that she could not sit, stand, and walk intermittently throughout an eight-hour work day because of her medications and because she has to lie down.  R. 77.  On March 26, 2009, the ALJ issued a decision finding the Claimant not disabled.  R. 17-24.

On October 30, 2009, the Appeals Council denied Claimant's request for review of the ALJ's decision.  R. 6-9.  On April 1, 2010, Claimant appealed the Commissioner's final decision

in this Court.  Doc. No. 1.[1]

## II.   **MEDICAL AND OPINION EVIDENCE.**

The record in this case contains medical records, three opinions from Claimant's treating physician, Dr. Kraynak, and one opinion from a non-examining physician, Dr. Besen, who reviewed the medical record and answered written interrogatories at the direction of the ALJ.  R. 172-815.  There are no medical records or residual functional capacity assessments ("RFC") from consulting examining physicians or non-examining state agency consultants. All of the opinions in this case, including the opinion of the non-examining consulting physician, state that Claimant is disabled.  R. 189, 810-12, 814.  The dispositive issue in this case is the way the ALJ handled the opinion evidence from Claimant's treating physician, Dr. Matthew J. Kraynak. R. 189, 814-815.  The Court focuses its summary of the medical record below to Dr. Kraynak's medical records and opinions, the diagnostic testing, such as magnetic resonance imaging ("MRI"), the opinion of Dr. Aslam, a one-time examining physician, and the opinion of the non-examining consultant, Dr. Lee Besen.

1.   Prior Work Related Injury.

In August of 1994, Claimant injured her back and right hip at work while lifting.  R. 207. On February 18, 1995, a computerized axial tomography scan ("CAT scan") of Claimant's lumbar spine revealed a "fairly large size perecentral disc herniation" of the L4-L5 and "significant encroachment."  R. 205.  Surgery was performed, removing the right herniation of the L4-L5 disk and Claimant improved.  R. 207-08, 655.

2.   Dr. Kraynak 1997 – May 22, 2008.

---

[1] The Commissioner provided Claimant with two extensions of time to appeal the final decision in the district court. R. 1-4.

On March 17, 1997, after injuring her back at work again, Claimant presented to Dr. Kraynak complaining of severe pain.  R. 653.  Physical examination revealed pain, muscle spasms, and decreased range of motion.  R. 653.  No neurological deficits were noted.  R. 653.  Dr. Kraynak diagnosed Claimant with a lumbar strain and sprain.  R. 653.  Claimant was prescribed Darvon and Robaxisal, and told to return as needed.  R. 653.

On March 27, 1997, Claimant returned complaining of ongoing pain and severe muscle spasms.  R. 652.  Dr. Kraynak ordered an MRI and prescribed a course of physical therapy.  R. 652.  On April 21, 1997, Dr. J. Scott Martin, a neurosurgeon, confirmed that the new MRI revealed a new herniated disc at the L4-L5, this time on the left side.  R. 655.  Dr. Martin stated that he believed surgery would be necessary, but upon Claimant's request, he prescribed Medrol and Dosepak and stated he would postpone surgery.  R. 655.

From March 28, 1997 through June 27, 2001, Claimant received approximately four hundred and forty-one (441) physical therapy sessions.  R. 210-651.  Throughout the physical therapy sessions, Claimant received electric stimulation, hot packs, ultrasounds, and active exercise treatments.  R. 210-651.  Claimant complained of ongoing pain and tightness, and demonstrated muscle spasms throughout the sessions.  R. 210-651.

From April 14, 1997 through May 22, 2008, Dr. Kraynak treated Claimant for low back pain approximately one hundred and forty-five (145) times.  R. 654, 656-769, 772-91, 794-96, 799, 801-06.  On April 1997, Dr. Kraynak's notes state that Claimant "has severe pain, spasm and decreased range of motion, secondary to her injury."  R. 654.  Severe pain, marked muscle spasms, decreased range of motion, and walking with wide, stiff gait were noted in Dr. Kraynak's treatment records.  R. 656-769, 772-91, 794-96.  From April 14, 1997 through

December of 2003, Dr. Kraynak continued to discuss surgery with Claimant, but ultimately continued her medications and physical therapy regimen.  R. 656-769.  Although Claimant's complaints of pain, muscle spasms, and difficulty walking continued, Dr. Kraynak's notes state that Claimant "is continuing to receive benefit from [physical] therapy," and receiving "some relief with her medications." R. 666, 679, 683, 689-99, 739.   On March 9, 1999, Claimant reported that she "is contemplating surgery." R. 738.  Dr. Kraynak's notes state "[s]he is unable to work at the current time."  R. 738. On August 24, 1999, treatment notes state that "[s]he continues to walk with the aid of a walker." R. 752.  On January 13, 2000, Dr. Kraynak's notes state "[w]e will continue physical therapy as it allows her to carry on her activities of daily living and provides pain relief." R. 689-91.

On July 24, 2000, Claimant reported severe back pain, "much more pronounced than previously," and Dr. Kraynak treatment records state:

> She has markedly reduced range of motion in the lumbar spine. She has severe muscle spasm noted.  Straight leg raising is positive in both lower extremities.  She was given an injection of Decardon for inflammation.  She will take Naproxen for inflammation.  She was given Valium for muscle spasms.  She will continue her Tylox and physical therapy.

R. 700.  On October 5, 2000, Dr. Kraynak's notes state that Claimant "is having increasing pain, particularly with any kind of activity."  R. 702.  On October 19, 2000, Dr. Kraynak's notes state:

"She has radiation into her lower extremities.  She does receive benefit from physical therapy and medications, which do allow her to carry out some of her activities of daily living and provide pain relief."  R. 703.  On March 29, 2001, Dr. Kraynak's notes state that Claimant "is having unilateral edema predominately on the right side." R. 708.  On October 21, 2002, Dr. Kraynak states that Claimant "continues to have straight leg raising positive in both lower

extremities," secondary to her injuries. R. 758. From January 13, 2003 through May 22, 2008, Claimant continued to receive regular treatment from Dr. Kraynak for her ongoing symptoms. R. 759-69, 772-806. On June 25, 2007, an MRI study revealed a large broad central and right sided L3-L4 disc herniation with associated moderate central canal stenosis and probable impingement on the right L4 nerve root in the right lateral recess. R. 797-798.

    3. Dr. Kraynak's March 1999, November 2006, and February 2009 Opinions.

On March 9, 1999, Dr. Kraynak opined that Claimant was currently unable to work. R. 738. On November 22, 2006, Dr. Kraynak submitted a letter to the Bureau of Disability Determination for the Commonwealth of Pennsylvania stating:

> [Claimant] suffers with chronic low back pain, secondary to a work-related injury. She maintains on Percocet and Valium. The Valium helps muscle spasm as well as her anxiety, and it does help her pain. She has two herniated discs in her lumbar spine. She can function to a small degree with her activities of dialing living, however there are days when she is nonfunctional. She cannot work a on a sustained basis. She can carry light bags of groceries into the house. She can do some basic household chores, depending upon the day. There are days when she may not be able to do certain tasks. She often finds herself needing several days to recover. I have seen this patient for several years. She typically displays range of motion restrictions in her lumbar spine, with multiple areas of spasm and tenderness in the low back. Straight leg raising is usually positive in the lower extremities, reproducing radicular type symptoms. She does have a unilateral edema in her right foot, which was extensively worked up for obstruction. Nothing was found, so it was concluded that this was probably related to her back problem as well. I do not feel that she is capable of working in any capacity. I do not feel she would be able to maintain a work schedule. She can do limited things, but it would be unpredictable as to how she would be able to do these.

R. 189. On February 27, 2009, Dr. Kraynak submitted the following opinion to Claimant's attorney:

[Claimant] has been a patient of mine for at least ten years. Throughout this time, she has had significant low back pain, with radiation into both lower extremities, particularly on the right. Examinations frequently reveal limited range of motion in the lumbar spine, with diffuse muscle spasm and tenderness noted in the low back. Neurologic testing has been significant for radicular type symptoms in both lower extremities, evidenced by bilateral lower extremity weakness, greater on the right than the left. Straight leg raising is positive in both lower extremities, which produces radicular type symptoms, diminished ankle and knee jerk reflexes bilaterally. She has a history of low back injury, dating back as far as 1995. <u>The above abnormal findings have existed consistently since her work injury of March 18, [1997] to a disabling degree.</u>

At this point, she is not a surgical candidate. Given her persistent symptoms, she is diagnosed with failed back syndrome, bilateral lumbar radiculitis, chronic low back pain, chronic pain syndrome. <u>I believe her date of disability extends back to well before the year 2000. There are medical reports documenting her severe condition as far back as 1995.</u> There are nerve conduction studies from Dr. Aslam in 2003 which revealed evidence of failed back syndrome, with EMG and nerve conduction evidence of an L5-S1 radiculopathy bilaterally.

Her most recent MRI, 6/25/07, showed a large broad-based central and right-sided L3-4 disc herniation and degenerative disc changes, L3 through S1. She was evaluated by a neurosurgeon on July 27, 2007, Dr. Amacher in Lewisburg, who felt that she may need surgery to decompress the L3-4 disc, which is probably affecting the third, fourth and fifth nerve roots.

Because of the above condition, [Claimant] is severely nonfunctional. <u>She is unable to work on a sustained basis. She might be able to carry light bags of groceries into the house and do some household chores when she is able. She needs several days to recover, even after minimal exertional activities with regard to her low back. . . . I do feel that she is totally and permanently disabled from any and all occupation, due to her severe condition. I do not feel that any type of rehabilitation will enable her to work in the future. Her condition is severe and is likely to progressively worsen.</u>

R. 814-815 (emphasis added).

4.   Dr. Mohammad Aslam's December 2003 Opinion.

On December 11, 2003, Dr. Kraynak referred Claimant to Dr. Mohammad Aslam for further evaluation.  R. 770-771.  Dr. Aslam reviewed the MRI from 1997, which showed a "large disc at L4-L5 which is pressing on the thecal sac on the left and significant left nerve neuroforamina stenosis."  R. 770.   Straight leg testing was positive bilaterally.  R. 771. Dr. Aslam performed an Electromylogram ("EMG") study, revealing "evidence of L5-S1 radiculopathy."  R. 771.  Dr. Aslam opined that Claimant has "failed back syndrome," but "she is not a good surgical candidate."  R. 771.

5.   Dr. Besen's Interrogatories.

On June 30, 2008, at the request of the ALJ, Dr. Besen, a non-examining, impartial expert, submitted answers to interrogatories.  R. 810-811.  Dr. Besen opined that based upon the medical record, <u>Claimant meets Listing 1.04A, Disorders of the Spine, as of December 2003</u>.  R. 811 (emphasis added).

III.   <u>**ALJ'S DECISION**</u>.

On March 26, 2009, the ALJ issued a decision finding Claimant not disabled.  R. 17-24. The ALJ found that Claimant has the following severe impairments: degenerative disc disease of the lumbar spine with chronic radiculopathy.  R. 19.  Without elaboration, the ALJ states that he "considered listing 1.04," but "[t]he [C]laimant does not have the neurological deficits required by the listing."  R. 20.  The ALJ determined that through the date last insured, December 31, 2002, Claimant retained the residual functional capacity (the "RFC") to perform "sedentary work," except she would "need to alternate sitting and standing every twenty to thirty minutes.

She could not climb, kneel, crawl, and push and/or pull with the upper or lower extremities.  The

[C]laimant could not work at heights or in extreme temperature."  R. 20.  Thus, the ALJ

determined that Claimant retains the RFC for a reduced range of sedentary work. R. 23.

     In the decision, the ALJ reviewed the medical record up to December 31, 2002.  R. 20-

21.  As to Claimant's credibility, the ALJ found that the Claimant's "medically determinable

impairment could reasonably be expected to cause the alleged symptoms; however the

[C]laimant's statements concerning the intensity, persistence and limiting effects of these

symptoms are not credible to the extent they are inconsistent with the above [RFC]."  R. 22.

Thus, the ALJ found Claimant's subjective statements not credible to the extent they conflicted

with the ALJ's RFC assessment.  R. 22.

     The ALJ states the following in support of his credibility and RFC determinations:

> The undersigned finds that the [C]laimant was not precluded from all work prior to her date last insured based on the objective medical evidence in the record.  The [C]laimant's physical therapy during the relevant time period included active exercise.  A physical examination done in April 2002 showed she had lumbar spine flexion of 60 degrees, extension of 15 degrees, and lateral bending of 10 degrees bilaterally.  Dr. Aslam did not diagnose the [C]laimant with failed back syndrome until December 2003.  The treatment notes are generally stable over the relevant time period with occasional exacerbation of pain which was treated with Decadron injections.  She had no neurological deficits until December of 2003.  Further, the [C]laimant did not seek any pain management and neither Dr. Kraynak referred the claimant for treatment by a specialist of any sort.  She saw Dr. Martin once or twice and she saw Dr. Villarreal for the swelling in her foot, but she did not pursue active treatment for pain relief.  There are no complaints of side effects from her medication or of impaired sleep in this record.

R. 22 (emphasis added).  Thus, the ALJ found that Claimant not credible because she did not

pursue active treatment for pain relief, she was not diagnosed with failed back syndrome until

December of 2003, her physical therapy sessions included "active exercise," and because Dr.

Kraynak's treatment notes are "generally stable."  R. 22.

> As for the opinion evidence, the ALJ finds:

>> Dr. Kraynak's statement dated February 2009 was from memory as he treated the claim for more than ten years.  It was noted that she had abnormal findings since March 18, 2007 and he believed that her disability extended back well before 2000.  Nerve conduction studies showed she was diagnosed with failed back syndrome in 2003.  The undersigned believe the abnormal findings date was a typographical error and it should read March 18, 1997.  <u>The undersigned gives little weight to this opinion because it was offered from the doctor's memory and the treatment notes at the time showed her treatment included active exercise up to three times a week</u>. . . . There is no State Agency opinion regarding an RFC.   In sum, the above RFC is supported by the objective medical evidence of record.

R.  22.  Thus, the ALJ gives little weight to Dr. Kraynack's February 2009 opinion because "it

was offered from the doctor's memory," and because physical therapy notes show that Claimant

was treated with "active exercise" during the sessions.  R. 22.  The ALJ does not explain, and the

record does not reveal, what is meant by "active exercise" during physical therapy sessions.  The

ALJ failed to state what weight was given to Dr. Kraynak's March 9, 1999 and November 22,

2006 opinions.  The ALJ also failed to state what weight, if any,  was given to the opinion of Dr.

Besen.   Finally, the ALJ does not state what evidence he relied upon to form his RFC

determination.

## IV.    <u>ISSUES</u>.

As set forth above, Claimant raises four issues on appeal: 1) the ALJ erred by failing to

apply the correct legal standards to Dr. Kraynak's November 22, 2006 opinion (Doc. No. 11 at 7-

9); 2) the ALJ erred by failing to demonstrate good cause to reject Dr. Kraynak's February 27,

2009 opinion (Doc. No. 11 at 9-10); 3) the ALJ failed to apply the correct legal standards regarding Claimant's subjective testimony; and 4) the ALJ failed to apply the correct legal standard regarding the Claimant's side-effects from medication.  Doc. No. 11 at 1-15.   Claimant requests a remand for an award of benefits or, alternatively, a remand for further consideration. Doc. No. 11 at 10, 15.

The Commissioner generally maintains that the final decision is supported by substantial evidence.  Doc. No. 12.  The Commissioner asserts that Dr. Kraynak's 2006 opinion is not relevant because it "does not indicate it pertained to any period other than the time it was written," and, therefore, the ALJ was not required to state with particularity the weight given to it and the reasons therefor.  Doc. No. 12 at 6-7.[2]  The Commissioner argues that the ALJ had good cause to reject Dr. Kraynak's 2009 opinion because it was based on Dr. Kraynak's memory and because Claimant's ability to perform "active exercise" during physical therapy sessions "is certainly probative of her ability to perform the sedentary work contemplated by the ALJ's RFC finding."  Doc. No. 12 at 7.  The Commissioner maintains that the Claimant "did not satisfy her burden to prove that her subjective complaints are credible."  Doc. No. 12 at 8.  Finally, the Commissioner asserts that the ALJ properly considered the side-effects of Claimant's medications. Doc. No. 12 at 10-11.  Thus, the Commissioner argues that the final decision should be affirmed.  Doc. No. 12 at 12.

## V.   LEGAL STANDARDS.

### A.   THE ALJ'S FIVE-STEP DISABILITY ANALYSIS.

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is

---

[2] The Commissioner does not cite to any legal authority in support of this position.

disabled. *See* 20 CFR §§ 404.1520(a), 416.920(a).  In *Doughty v. Apfel*, 245 F.3d 1274, 1278

(11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as

follows:

> In order to receive disability benefits, the claimant must prove at
> step one that he is not undertaking substantial gainful activity. At
> step two, the claimant must prove that he is suffering from a severe
> impairment or combination of impairments. At step three, if the
> claimant proves that his impairment meets one of the listed
> impairments found in Appendix 1, he will be considered disabled
> without consideration of age, education, and work experience. If
> the claimant cannot prove the existence of a listed impairment, he
> must prove at step four that his impairment prevents him from
> performing his past relevant work. At the fifth step, the regulations
> direct the Commissioner to consider the claimant's residual
> functional capacity, age, education, and past work experience to
> determine whether the claimant can perform other work besides his
> past relevant work.

*Id*. (citations omitted). The steps are followed in order.  If it is determined that the claimant is not

disabled at a step of the evaluation process, the evaluation will not go on to the next step.

### B.    THE STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence.

42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla — i.e., the evidence must do

more than merely create a suspicion of the existence of a fact, and must include such relevant

evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v.*

*Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838

(11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord*, *Edwards v.*

*Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District

Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and

even if the reviewer finds that the evidence preponderates against the Commissioner's decision.
*Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356,
1358 (11th Cir. 1991).   The District Court must view the evidence as a whole, taking into
account evidence favorable as well as unfavorable to the decision.   *Foote*, 67 F.3d at 1560;
*accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire
record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177 (11th
Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner
relied). The District Court "may not decide the facts anew, reweigh the evidence, or substitute
[its] judgment for that of the [Commissioner]."   *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8
(11th Cir. 2004).

### C.      REMEDIES.

Congress has empowered the District Court to reverse the decision of the Commissioner
without remanding the cause.   42 U.S.C. § 405(g)(Sentence Four).   To remand under sentence
four, the District Court must either find that the Commissioner's decision applied the incorrect
law, fails to provide the court with sufficient reasoning to determine whether the proper law was
applied, or is not supported by substantial evidence.   *Keeton v. Dep't of Health & Human Serv.*,
21 F.3d 1064, 1066 (11th Cir. 1994) (reversal and remand appropriate where ALJ failed to apply
correct law or the ALJ failed to provide sufficient reasoning to determine where proper legal
analysis was conducted) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1146 (11th Cir. 1991);
*Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990));   *Jackson v. Chater*, 99 F.3d 1086,
1090-91 (11th Cir. 1996) (remand appropriate where ALJ failed to develop a full and fair record
of claimant's RFC); *accord Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (remand

appropriate where record was insufficient to affirm, but also was insufficient for District Court to find claimant disabled).

This Court may reverse the decision of the Commissioner and order an award of disability benefits where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993); *accord, Bowen v. Heckler*, 748 F.2d 629, 631, 636-37 (11th Cir. 1984). A claimant may also be entitled to an immediate award of benefits where the claimant has suffered an injustice, *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982), or where the ALJ has erred and the record lacks substantial evidence supporting the conclusion of no disability, *Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985). The District Court may remand a case to the Commissioner for a rehearing under sentences four or six of 42 U.S.C. § 405(g); or under both sentences. *Jackson*, 99 F.3d at 1089-92, 1095, 1098. Where the District Court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow the Commissioner to explain the basis for his decision. *Falcon v. Heckler*, 732 F.2d 827, 829 - 30 (11th Cir. 1984) (remand was appropriate to allow ALJ to explain his basis for determining that claimant's depression did not significantly affect her ability to work).[3]

## VI.   ANALYSIS.

Claimant maintains that the ALJ erred in two respects regarding the opinion evidence.

---

[3] On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand ALJ required to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (on remand ALJ required to consider the need for orthopedic evaluation). After a sentence-four remand, the District Court enters a final and appealable judgment immediately, and then loses jurisdiction. *Jackson*, 99 F.3d at 1089, 1095.

First, Claimant asserts that the ALJ failed to state with particularity the weight given to Dr. Kraynak's 2006 opinion.  Doc. No. 11 at 7-9.  Second, Claimant argues that the ALJ lacked good cause to reject Dr. Kraynak's 2009 opinion.  Doc. No. 11 at 9-10.  Claimant maintains that these errors warrant reversal and a remand for an award of benefits.  Doc. No. 11 at 10 (citing *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997)).   As set forth above, the Commissioner argues that ALJ was not required to address the 2006 opinion and the ALJ demonstrated good cause to reject the 2009 opinion.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability.   The Eleventh Circuit recently clarified the standard the Commissioner is required to utilize when considering medical opinion evidence.  In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178-79 (11th Cir. Jan. 24, 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor.  *Id*. (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).  The Eleventh Circuit stated that "'[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1178-79 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).   *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity

the weight given to opinions and the reasons therefor constitutes reversible error); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (failure to clearly articulate reasons for giving less weight to the opinion of treating physician constitutes reversible error).

Absent good cause, the opinions of treating physicians must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).

> Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir.2004) (citations omitted); *see also Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir.1991); *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir.1986).

*Johnson v. Barnhart*, 138 Fed.Appx. 266, 269 (11th Cir. 2005).[4]   "The opinion of a non-examining physician does not establish the good cause necessary to reject the opinion of a treating physician." *Johnson,* 138 Fed.Appx. at 269.   Moreover, the opinions of a non-examining physician do not constitute substantial evidence when standing alone. *Spencer ex rel. Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985).

1. November 22, 2006 Opinion.

It is undisputed that the ALJ did not mention Dr. Kraynak's November 22, 2006 opinion in his decision.   An ALJ is required to state with particularity the weight given, and the reasons therefor, as to the opinion evidence in the record. *Winschel*, 631 F.3d at 1178-79; *Sharfarz*, 825 F.2d at 278.   The Commissioner maintains, without citation to any authority, that in this case the ALJ was relieved of that responsibility because the opinion at issue was offered after the date

---

[4] In the Eleventh Circuit, unpublished decisions are not binding but are persuasive authority.

Claimant was last insured and because Dr. Kraynak did not specify the relevant time period to which the opinion pertained.  Doc. No. 12 at 6-7.

The Eleventh Circuit has held that the opinion of a treating physician is "still entitled to significant weight notwithstanding that [the physician] did not treat the claimant until after the relevant determination date."  *Boyd v. Heckler*, 704 F.2d 1207, 1211 (11th Cir. 1983) (reversed on other grounds, *Hand v. Heckler*, 761 F.2d 1545, 1547-48 (11th Cir. 1985)) (emphasis added). In *King v. Astrue*, Case No. 3:09-cv-229-J-MCR, 2010 WL 1038476 at *8-9 (M.D. Fla. March 19, 2010), the Court also found that retrospective opinions may not be rejected simply because they are retrospective.  *Id*. (internal citations omitted).  In this case, it is impossible to know what weight the ALJ gave to Dr. Kraynak's November 22, 2006 opinion because he failed to mention it in his decision. "It is possible that the ALJ considered and rejected these . . . medical opinions, but without clearly articulated grounds for such a rejection, we cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence."  *Winschel*, 631 F.3d at 1179 (emphasis added).   It is recommended that the Court find this error warrants reversal.

2.  February 27, 2009 Opinion.

The ALJ rejected Dr. Kraynak's February 27, 2009 opinion because "it was offered from the doctor's memory," and because physical therapy notes show that Claimant was treated with "active exercise" during her sessions.  R. 22.  Nowhere in Dr. Kraynak's February 27, 2009 opinion does it state that his opinion was offered solely from memory.  R. 814-814. The ALJ does not explain how he concluded that the opinion was based solely on the Dr. Kraynak's memory.  R. 22. The undersigned could find no support in the record for the ALJ's statement that

Dr. Kraynak's opinion was based solely on memory.[5]   Similarly, Dr. Kraynak's records are replete with objective findings such as severe muscle spasms, limited range of motion, positive straight leg raising, and MRIs showing herniated discs.  R. 652-54, 656-806. Yet, the ALJ seizes on the phrase "active exercise" in the physical therapists' notes as a basis to discredit Dr. Kraynak's opinion.  Although that phrase appears repeatedly in the physical therapists' notes, it is not defined in the physical therapy notes, treatment notes, by Dr. Kraynak, or by the ALJ in his decision.   Therefore, it is unclear what "active exercises" entail, and from the record it is impossible to tell whether such exercises contradict Dr. Kraynak's opinion.

Dr. Kraynak's February 27, 2009 opinion detailed Claimant's symptoms, diagnosis, treatment, physical limitations, and their impact on her ability to work.  R. 814-815.  Moreover, Dr. Kraynak specifically opined that these limitations prevent Claimant from working for over two years before Claimant's disability benefits expired.  R. 814.  In order to demonstrate good cause to reject the opinions of a treating physician an ALJ must show that the opinion is not bolstered by the evidence, the evidence supports a contrary finding, the opinion is conclusory, or the opinion is contradicted by the physician's own treatment records.  *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir.2004).   In this case, the ALJ failed to demonstrate there was substantial evidence or good cause to reject Dr. Kraynak's February 27, 2009 opinion.  Accordingly, it is recommended that the Court find this error warrants reversal. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir.2004).

3.   Other Opinion Evidence.

Although not specifically raised by Claimant, the ALJ also failed to state what weight

---

[5] Even if it were, neither the ALJ nor the Commissioner explain how that fact alone would or should undermine the doctor's opinion.

was given, and the reasons therefor, as to Dr. Kraynak's March 9, 1999 opinion that Claimant was currently not capable of working and to Dr. Besen's opinion that Claimant's impairments meet Listing 1.04A.

## VII.   REMEDIES.

Most cases present "the not uncommon situation of conflicting medical evidence." *Richardson v. Perales*, 402 U.S. 389, 399 (1971).   However, this case presents consistent evidence, both in terms of the medical records and the medical opinions.   Both the state agency non-examining physician, Dr. Besen, and Claimant's long-term treating physician, Dr. Kraynak, opine that Claimant is totally disabled.

The Eleventh Circuit has held that "[w]here the [Commissioner] has ignored or failed to properly refute a treating physician's testimony, we hold as a matter of law that he has accepted it as true."  *MacGregor v. Bowen*, 786 F.3d 1050, 1053 (11th Cir. 1986).   In this case, because the ALJ failed to establish good cause to reject the February 27, 2009 opinion of Dr. Kraynak, the Court must accept his opinion as true.  *Id*.   While the Court is not permitted to reweigh the evidence or decide facts anew, in this case there is no conflicting medical or opinion evidence. Thus, because the medical evidence and opinion evidence is consistent, the cumulative effect of the evidence establishes disability without any doubt.  *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993); *accord*, *Bowen v. Heckler*, 748 F.2d 629, 631, 636-37 (11th Cir. 1984).   Accordingly, it is recommended that the Court reverse the final decision and remand for a calculation of an award of benefits.

## VIII.   CONCLUSION.

For the reasons stated above, it is **RECOMMENDED** that:

1.   The final decision of the Commissioner be **REVERSED** pursuant to sentence four of Section 405(g) because the ALJ failed to: state with particularity the weight given to the Dr. Kraynak's March 9, 1999 and November 22, 2006 opinions, and Dr. Besen's opinion; and demonstrate good cause, supported by substantial evidence, to reject Dr. Kraynak's February 27, 2009 opinion;

2.   The case should be **REMANDED** to the Commissioner for a calculation of an award of benefits because the evidence establishes beyond a doubt that Claimant is disabled; and

3.   The Clerk be directed to enter judgment in favor of Claimant and to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 9, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Richard A. Culbertson, Esq.
3200 Corrine Drive, Suite E
Orlando, FL 32803


John F. Rudy, III
U.S. Attorney's Office
Suite 3200
400 N. Tampa St.

Tampa, Florida          33602


Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia          30303-8920

The Honorable John F. Gehring
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Stegmaier Building, Suite 201
7 N. Wilkes-Barre Boulevard, PA 18702